| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

DELORES LOOPER, §
§
    Plaintiff, §
§
versus § CIVIL ACTION NO. 1:19-CV-377
§
FEDERAL BUREAU OF PRISONS, *et al.*, §
§
    Defendants. §

## MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Delores Looper, proceeding *pro se* and *in forma pauperis*, brought the above-styled lawsuit.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends granting the motion to dismiss filed by the Federal Bureau of Prisons (#71). Additionally, the magistrate judge recommends dismissing plaintiff's remaining claims for failure to state a claim upon which relief may be granted. Finally, the magistrate judge recommended declining the exercise of supplemental jurisdiction.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiff's objections are without merit. For the reasons set forth in the Report of the magistrate judge, plaintiff fails to state a claim upon which relief may be granted. Plaintiff cannot assert a *Bivens*[1] claim for damages against a federal agency such as the Federal Bureau of Prisons. Further, the United States has not waived immunity

---

[1]     *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

for money damages for constitutional torts.  Finally, as set forth in the Report, *Bivens* does not extend to plaintiff's claims for failure to protect and failure to intervene.

On December 16, 2021, plaintiff filed her Fourth Amended Complaint naming seventeen unknown employees and Dallas B. Jones as defendants (#58).  On the same date, plaintiff filed her memorandum of law in support of her amended complaint in which she also still listed the Bureau of Prisons as one of the defendants (#59).  Accordingly, affording plaintiff liberal construction of the pleadings in light of her *pro se* status, the magistrate judge considered the Bureau of Prisons as a defendant remaining in this action.

Plaintiff has amended her complaint in this action multiple times.  To the extent plaintiff now attempts to amend her complaint once again in her objections to the report and recommendation (#86), plaintiff did not seek leave of court to amend as required by the rules.  *See* FED. R. CIV. P. 15(a).  Additionally, to the extent plaintiff now requests to amend her complaint to add new claims (#s 89 and 94), any such amendment is untimely and any new claim asserted is barred by the applicable two-year limitations period.  "A *Bivens* action is controlled by the applicable state statute of limitations." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999).  The Fifth Circuit Court of Appeals, applying Texas law, held that the statute of limitations period on a *Bivens* claim is two years.  *Id.*; *Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998).  Pursuant to FED.R.CIV.P. 15(c), however, an amended complaint relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out - or attempted to be set out - in the original pleading.

Plaintiff attempts to add a claim that prison officials failed to properly staff and operate the USP in a humane and safe way causing Mr. Looper to be attacked by another inmate resulting in his death.  Additionally, plaintiff attempts to add a claim that Mr. Looper was not provided timely medical attention and assistance following the attack.  Plaintiff's new claims are based on a new set of facts involving separate acts or omissions and different defendants from the deliberate failure to protect claim asserted in her original complaint, and the medical claim is separate in time from

the attack which formed the basis of the original complaint. Therefore, plaintiff's requests for leave to amend the complaint more than four years after the incident is denied as futile because plaintiff's new claims are barred by limitations.

Further, and in the alternative, plaintiff's conclusory allegations regarding prison staffing and that her son was not provided timely medical treatment is factually insufficient to state a claim upon which relief may be granted against any of the defendants in this action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, *Bivens* has not been extended to plaintiff's claims. Plaintiff claims the "USP Beaumont is continually understaffed so a 'sufficient number of officers' are often not readily available and therefore inmates are left to fend for themselves if attacked." (#86 at *2-3). Plaintiff continues that her son "was not provided timely medical attention and assistance . . . due to the . . . defendants [sic] failure to properly operate and adequately staff USP Beaumont." (#86 at *8). Further, in the proposed amended complaint, Plaintiff claims the "[d]efendants-wrongdoers herein failed to provide timely lifesaving medical attention and operate the USP in a humane and safe way causing death in this action." (#94 at *4).

*Bivens* has not been extended to either a claim for the failure to properly operate and adequately staff a prison or the failure to provide timely emergency medical attention. Any such claims would be a new context because the operation and staffing of a prison and failure to provide timely emergency medical care differ in meaningful ways from previous *Bivens* cases. Specifically, Mr. Looper did not have mistreated chronic asthma, or any chronic medical condition, and any previous extensions of *Bivens* did not involve prison staffing. *See Watkins v. Carter*, No. 20-40234, 2021 WL 4533206 (5th Cir. Oct. 4, 2021). Further, there are special factors such as the existence of the Federal Tort Claims Act counseling hesitation weighing against inferring a new cause of action. *Id.* Therefore, *Bivens* does not extend to plaintiff's claims. As a result, plaintiff's claims fail to state a claim upon which relief may be granted.

Finally, plaintiff's attempt to now add a claim under the Federal Tort Claims Act would be futile and is denied. In footnote one of her Fourth Amended Complaint (#58), filed almost four

years after the incident which forms the basis of this complaint, plaintiff admitted she had only recently filed an administrative claim and had not completed the tort claim process. The Federal Tort Claims Act requires a claimant to file an administrative claim within two years of accrual *and* file suit within six months of its denial. *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001) (quoting *Houston v. United States Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987)). "It is well-settled that these limitation periods are jurisdictional." *Flory v. United States*, 138 F.3d 157, 159 (5th Cir. 1998). Plaintiff's failure to exhaust Tort Claim remedies prior to filing this action deprives the court of jurisdiction. Moreover, an amended complaint asserting jurisdiction does not relate back to the original complaint's filing date where there was no jurisdiction initially. Specifically, an attempt to exhaust now cannot cure the jurisdictional defect in the original complaint due to the failure to exhaust. *Reynolds v. United States*, 748 F.2d 291, 293 (5th Cir. 1984).

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. It is

**ORDERED** that the motion to dismiss filed by the Federal Bureau of Prisons is **GRANTED**. It is further

**ORDERED** that the exercise of supplemental jurisdiction is **DECLINED** pursuant to 28 U.S.C. § 1367(c). A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**Signed this date**
Aug 16, 2022

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE