| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

DELORES LOOPER, §
§
    Plaintiff, §
§
*versus* § CIVIL ACTION NO. 1:19-CV-377
§
FEDERAL BUREAU OF PRISONS, *et al.*, §
§
    Defendants. §

## MEMORANDUM OPINION AND ORDER

Plaintiff Delores Looper, proceeding *pro se* and *in forma pauperis*, brought the above-styled lawsuit.

### Discussion

On August 16, 2022, the court granted the defendants' motion to dismiss and declined the exercise of supplemental jurisdiction. Plaintiff filed an appeal from the dismissal to the United States Court of Appeals for the Fifth Circuit. The judgment of the district court was affirmed on September 8, 2023. *See Looper v. Jones*, No. 22-40579 (5th Cir. Sept. 8, 2023).

Plaintiff has filed a number of post-judgment motions (#s 119, 121, 122, 129, and 130). In her various motions, plaintiff asserts that the judgment should be vacated due to fraud on the court and she argues for the disqualification of the assigned judges.

### Analysis

Rule 60(b), FED. R. CIV. P., provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

In her motions seeking relief from judgment, Plaintiff continues to argue the merits of her lawsuit and disagrees with the processing of the lawsuit. Plaintiff was afforded *de novo* review

as set forth in the court's memorandum order overruling her objections and adopting the report of the magistrate judge. Further, plaintiff has failed to set forth a meritorious ground warranting relief from the judgment. Accordingly, plaintiff's motions for relief from the judgment should be denied.

Next, plaintiff argues for the disqualification of the assigned judges. Title 28 U.S.C. § 455 provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Disqualification is appropriate if "a well-informed, thoughtful and objective observer would question the court's impartiality." *Trust Co. of Louisiana v. N.N.P., Inc.*, 104 F.3d 1478, 1491 (5th Cir. 1997). The judge shall also disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings." 28 U.S.C. § 455(b)(1). Absent surrounding comments or accompanying opinion, judicial rulings alone will rarely constitute a valid basis for a motion to recuse or disqualify. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003).

The actions of which plaintiff complains are judicial in nature, rather than personal. Plaintiff has failed to set forth sufficient facts to cause a well-informed, thoughtful and objective observer to question the court's impartiality. Accordingly, after due consideration, it is the opinion of the court that plaintiff's motion for disqualification of the assigned judges should be denied.

## ORDER

For the reasons set forth above, plaintiff's motions for relief from the judgment lack merit and should be denied. It is

**ORDERED** that plaintiff's motion to disqualify the assigned judges (# 129) is **DENIED**. It is further

**ORDERED** that plaintiff's motions for relief from the judgment (#s 119, 121, 122, and 130) are **DENIED**. The Clerk of Court is **DIRECTED** to return unfiled any further motions or other documents filed by plaintiff unrelated to an appeal. All motions by either party not previously ruled on are **DENIED**.

SIGNED at Beaumont, Texas, this 16th day of August, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE